UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO; 13-20509-CR-MOORE/TORRES

UNITED STATES of AMERICA,
          Plaintiff,

     v.

DANIEL JEAN CHARLES,
          Defendant.
_____ /

JOINT OBJECTION TO THE PRESENTENCE REPORT

The Defendant, Daniel Jean Charles, by and through undersigned counsel, with the

agreement of the Government, pursuant to 18 USC § 3553, 18 USC § 3661 and Rule 32(i)of the

Federal Rules of Criminal Procedure, respectfully files this Joint Objection to the Presentence

Report and in support states;

I.     Role Assessment:

1. At Paragraph 19 on page 8, probation states that, "a review of the case revealed the

Defendant opened bank and debit card accounts in victim's names for the deposit of income tax

returns and Social Security retirement benefit funds, which were derived fraudulently.  Once the

funds were deposited in the accounts controlled by the Defendant, he gave the funds to Compere

who paid the Defendant a fee for his role in this fraudulent scheme".   Based on the foregoing,

probation concludes that, "the offense would not have been effectuated without the Defendant's

conduct to facilitate the fraudulent transactions described", and recommends that a 2 level Minor

Role reduction not be given pursuant to §3B1.2.

2.   Both the Government and the Defense agree that the facts used by probation for their opinion and recommendation is inaccurate.  The Defendant did not open or control bank and debit accounts as stated in paragraph 19 of the PSI.  The Government and the Defendant agree that the Defendant's conduct was limited to receiving mail at certain addresses and providing the mail to the co-defendant Mr. Compere as stated in the factual proffer admitted to at the Change of Plea Hearing.

3.   Undersigned counsel discussed this matter with probation who, after reviewing his notes, agreed paragraph 19 was error and the facts alleged belonged to the co-defendant Mr. Compere.  However, probation maintains their opinion that the Defendant should not receive a 2 level reduction pursuant to §3B1.2.

4.   Both the Government and the Defense believe that the Defendant qualifies for the 2 level reduction pursuant to §3B1.2 and that the Defendant's role in the instant offense is minor under the guidelines.  Both the Government and the Defense intend on recommending to the Court at the time of sentencing that Court reduce the Defendant's Offense Level by 2 levels because of his minor role in the instant offense.[1]

5.   After discussing this issue with Government and in the abundance of the caution, the Defendant files this Joint Objection with the agreement of the Government, to probation's assessment of the Defendant's role in the offense and Jointly asks the Court to accept the recommendations of the parties at the time of sentencing and reduce the Defendant's Offense Level by 2 levels for his minor role in this offense.

6.   Should the Court accept the recommendations of the parties, the Defendant's Offense

---

[1]Paragraph 11(e) of the Defendant's Plea Agreement states, although not binding on the Court, both the Government and Defense agree that the Defendant was a minor participant in the criminal activity and should receive a role reduction of 2 points under §3B1.2(b) of the Sentencing Guidelines.

Level will be reduced to 17 with a Criminal History Category of II.  Should the Court accept the

recommendations of the parties, the advisory sentencing range would be 27-33 months,

understanding that a 24 month consecutive sentence must be imposed pursuant to his plea to the

Aggravated Identity Theft Count.

Respectfully submitted;
*s/: Peter T. Patanzo*
Peter T. Patanzo, Esq.
Benjamin, Aaronson, Edinger & Patanzo, PA
1 Financial Plaza, suite 1615
Fort Lauderdale, Florida 33394
(954) 779-1700 phone
(954) 779-1771 fax
ppatanzo@bellsouth.net

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

electronically filed with  EM / ECF this 18th day of January, 2014 and served on all those

associated with the electronic service list.

_____  *s/: Peter T. Patanzo*
Peter T. Patanzo, Esq.